IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BLEU BLAZE DONAHUE,

               Plaintiff,

     v.

ANDREW JOHNSON et al.,

               Defendants.

_____

Case No. 6:26-cv-00747-AP

**FINDINGS &**
**RECOMMENDATION**

POTTER, United States Magistrate Judge:

Before the Court is Plaintiff Bleu Blaze Donahue's application to proceed *in forma pauperis*. *See* Pl.'s Appl., ECF No. 2.

This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. Because Plaintiff's claims are frivolous, Plaintiff's Application for Leave to Proceed IFP should be DENIED and this case should be dismissed with prejudice.

Complaints filed by self-represented parties are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff still must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless it is

PAGE 1 – FINDINGS & RECOMMENDATION

"absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

This case is one in a series of at least 8 cases Plaintiff has brought in this District,[1] all centering in some way around Plaintiff's state court criminal case in which Plaintiff pled guilty to Luring a Minor and Online Corruption of a Child charges. *See Donahue v. Oregon DOJ*, No. 6:26-CV-1041-MC, 2026 WL 1651057, at *1 (D. Or. June 8, 2026) (collecting cases). In all but one of these cases, Plaintiff has generally alleged that his plea was coerced and that local, state, and federal officials have engaged in a vast conspiracy against him.

The instant case is no different. Plaintiff alleges that Defendant Andrew Johnson, his former defense attorney, violated his Sixth Amendment right to effective counsel. Compl. 1, ECF No. 1-2. He also alleges that Defendant Johnson violated his Fifth Amendment rights by coercing Plaintiff into pleading guilty. Compl. 2. Plaintiff alleges that Defendant Taggart fabricated probable cause against Plaintiff, leading to his arrest and guilty plea. Compl. 3-4. Finally, Plaintiff alleges that all defendants engaged in a conspiracy and deprived Plaintiff of his First Amendment rights. Compl. 4.

Like in Plaintiff's other cases, he "challenges the validity of his guilty plea in state court," but as he has been told many times, his remedy "is to use the state appellate courts to fix that error." *Donahue*, 2026 WL 1651057, at *2. "Filing additional federal actions vaguely

---

[1] Plaintiff has also brought at least two federal actions against District of Oregon judges in the District of D.C. *See Donahue v. Potter*, No. CV 26-1353 (UNA), 2026 WL 1407919 (D.D.C. May 18, 2026); *Donahue v. Aiken*, No. CV 26-1343 (UNA), 2026 WL 1413135 (D.D.C. May 18, 2026). Both cases were dismissed at the screening stage. *Id.*

PAGE 2 – FINDINGS & RECOMMENDATION

alleging a vast conspiracy, when those claims have already been dismissed with prejudice, demonstrates an intent to abuse the judicial system." *Id*.

## RECOMMENDATION

Plaintiff's claims should be dismissed with prejudice. All pending motions should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 29th day of June, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 3 – FINDINGS & RECOMMENDATION